Christopher S. Hill (#9931)
Gregory S. Moesinger (#10680)
**KIRTON MCCONKIE**
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
Facsimile: (801) 321-4893
chill@kmclaw.com
gmoesinger@kmclaw.com

*Attorneys for Plaintiff Eliason Eight, LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIASON EIGHT, LLC, a Utah limited liability company, <br><br> Plaintiff, <br> v. <br><br> BRETT L. ELIASON, an individual, <br><br> Defendant. | **MOTION TO REMAND AND FOR AN AWARD OF ATTORNEYS' FEES**[1] <br><br> Case No. 2:26-cv-00677-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure (the "Rules") and 28 U.S.C. § 1447(c), the plaintiff Eliason Eight, LLC (the "Company"), by and through counsel, moves the Court to remand this dispute to state court.

---

[1] By filing the instant motion, Eliason Eight, LLC does not consent to the Court's jurisdiction over it and this dispute, and Eliason Eight, LLC reserves the right to challenge the Court's jurisdiction pursuant to, *inter alia*, Rule 12(b)(1), Fed. R. Civ. P. Moreover, Eliason Eight, LLC further reserves its right to object to Brett Eliason's purported counterclaim and third-party complaint for violating the vexatious litigant orders entered against him, *infra*.

**INTRODUCTION, PRECISE RELIEF SOUGHT, AND GROUNDS THEREFOR**

Defendant Brett Eliason ("Brett") continues to abuse the judicial system by filing his Notice of Removal[2] in this action. This Court lacks subject matter jurisdiction over this case. And Brett knows it. He has made the same attempt previously in a similar action before this Court, which was promptly remanded *sua sponte*. Rather, Brett is attempting to avoid a temporary restraining order hearing scheduled in the underlying state court action scheduled for Monday, July 27, 2026. This case should also be remanded to prevent Brett from depriving the Utah Third Judicial District Court of jurisdiction to proceed with the pending TRO motion and subsequent adjudication of the claim on their merits.

**ARGUMENT**

### I.    THIS COURT SHOULD REMAND THE LAWSUIT BACK TO STATE COURT

The Complaint in this action asserts only state law claims. Brett, his wife, and two daughters have improperly[3] attempted to file counterclaims (or really third-party claims against non-parties), asserting numerous claims including civil rights claims under 42 U.S.C. §§ 1983 and 1985, RICO claims under 18 U.S.C. § 1962 *et seq.*, and the First and Fourteenth Amendments of

---

[2] Dkt. No. 1

[3] Each of the purported counterclaimants named in the purported Counterclaim (Dkt. 3) have been designated as vexatious litigants and are restricted filers in this District and may not file new claims with this Court without complying with orders requiring pre-filing motions or affidavits and obtaining magistrate and Chief District Judge approval. *See Eliason v. The Corp. of the President of the Church of Jesus Christ of Latter-day Saints et al.*, No. 2:23-cv-00785, 2024 WL 2750826 (D. Utah May 29, 2024); *Eliason v. Cox*, No. 1:24-CV-00148, 2024 WL 4696669 (D. Utah Nov. 6, 2024); *Eliason v. Corp. of the President of the Church of Jesus Christ of Latter-day Saints*, Case No. 1:25-cv-00021, Dkts. 75 and 81.

4914-4156-2303.v1

the United States Constitution. But counterclaims cannot form the basis of subject matter jurisdiction. This Court lacks such jurisdiction and remand is required.

A civil action brought in state court may be removed to federal court when "the district courts of the United States have original jurisdiction."[4] The procedural mechanism for removing a case from state to federal court is set forth in 28 U.S.C. § 1446(a), which provides that a defendant desiring to remove "shall file in the district court… a notice of removal… containing a short and plain statement of the grounds for removal."[5] In the event that removal appears to be improper, "[t]he case can subsequently be remanded to state court."[6] In opposing a motion to remand, "[t]he parties removing [the] case to federal court… bear the burden of establishing jurisdiction by a preponderance of the evidence."[7]

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[8] As such, removal is only appropriate if the federal court has "original jurisdiction."[9] Determining whether "original jurisdiction" exists turns on "the 'well-pleaded complaint' rule," which evaluates jurisdiction "from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose."[10] Based on this rule,

---

[4] 28 U.S.C. § 1441(a).
[5] 28 U.S.C. § 1446(a).
[6] *Mission Healthcare Servs. v. Renew Home Health*, No. 2:22-CV-205, 2022 WL 1747773, at *1 (D. Utah May 31, 2022).
[7] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).
[8] *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (internal citations and quotation marks omitted).
[9] 28 U.S.C. § 1441(a).
[10] *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 10 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)).

4914-4156-2303.v1

"a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction."[11] Thus, "a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action."[12] The same analysis follows for third-party claims against non-parties, asserted in the defendant's pleading.

For example, in *Clarke*, a lender filed a complaint in state court against two debtors claiming that the debtors had defaulted on a loan.[13] The debtors answered the complaint and asserted eleven counterclaims and filed a seventeen-count third-party complaint against various individuals and entities.[14] These counterclaims and third party claims included both state and federal claims.[15] The debtors then removed the case to federal court.[16] In remanding the case back to state court, this Court explained, among other things, that where "[t]he original complaint raised only state law claims," "a counterclaim… cannot serve as the basis for 'arising under' jurisdiction" nor could jurisdiction be "created by adding a third-party."[17]

This Court has reached similar conclusions in other cases. By way of another example, in *LSF6 Mercury*, this Court acknowledged that the "counterclaim contains several causes of action based on federal law," but still remanded the case because "allegations in a counterclaim are never enough to grant federal question jurisdiction over the original action."[18] Likewise, in *Peak*

---

[11] *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002).
[12] *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019).
[13] *Clarke & Assocs., Inc. v. Runsted*, 480 F. Supp. 3d 1333, 1335 (D. Utah 2020).
[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* at 1337.
[18] *LSF6 Mercury Reo Invs. Tr. Series 2008-1 v. Ellertson*, No. 2:10-CV-00640, 2010 WL 5536349, at *3 (D. Utah Dec. 14, 2010), report and recommendation adopted, No. 2:10-CV-640, 2011 WL 43243 (D. Utah Jan. 5, 2011).

4

*Property Rentals*, this Court reiterated that "[e]ven if the counterclaims were filed at the time of removal, the Supreme Court has concluded that… a counterclaim is irrelevant to whether the district court had original jurisdiction over the civil action."[19]

Brett's claimed ground for removal of this action is "original jurisdiction under 28 U.S.C. § 1331 because the *Counter-Complaint* raises substantial federal questions…."[20] The Notice of Removal concedes as much, making no mention of any underlying federal claims in the Verified Complaint.

This lawsuit is a quintessential state court case with state court claims. The Verified Complaint asserts the following claims for relief:

- Declaratory Relief (regarding managerial roles of a Utah limited liability company);
- Breach of Contract (regarding the Operating agreement of a Utah limited liability company);
- Breach of Fiduciary Duty and Loyalty;
- Tortious Interference with Existing and Prospective Economic Relations;
- Conversion, Misappropriation, and Disgorgement;
- Preliminary and Permanent Injunctive Relief.[21]

All of these claims arise out of Brett's wrongful attempts to hold himself out as a manager of the Company and the disruptions that such actions have caused to the Company. There are no federal questions raised at all in the Verified Complaint. As noted above, "a counterclaim is irrelevant to

---

[19] *Peak Prop. Rentals, LLC v. Gibbons*, No. 2:24-CV-00274, 2024 WL 3509454, at *2 (D. Utah July 22, 2024), appeal dismissed, No. 24-4079, 2024 WL 5340673 (10th Cir. Aug. 22, 2024)(cleaned up).
[20] Notice of Removal, Dkt. No. 1, at 2 (emphasis added).
[21] Verified Complaint, Dkt. No. 1-1, at pp. 13-21.

4914-4156-2303.v1

whether the district court had 'original jurisdiction' over the civil action."[22] Given the lack of subject matter jurisdiction, this lawsuit must be remanded.

## II.   THIS COURT SHOULD AWARD THE COMPANY ITS ATTORNEYS' FEES

Pursuant to 28 U.S.C. § 1447(c), the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[23] "The award of attorney's fees… turns on the reasonableness of the removal"[24] and an award is warranted "'where the removing party lacked an objectively reasonable basis for seeking removal.'"[25] The fact "[t]hat a litigant proceeds pro se does not prevent courts from imposing sanctions under § 1447(c)."[26]

For example, in *Scott*, this Court imposed attorneys' fees against a pro se party because the pro se party lacked any objectively reasonable basis for removing the case.[27] In reaching this conclusion, the Court explained that the pro se party—as a plaintiff—was plainly prohibited from invoking the removal statute and this should have been evident from even a cursory reading of the statute.[28] The Court also concluded that the removal was motivated by a desire to prolong litigation and impose costs on his opponents where the pro se party had a documented history as a vexatious litigant.[29] Accordingly, the Court awarded reasonable attorneys' fees.

---

[22] *Home Depot U. S. A., Inc.*, 587 U.S. at 442.
[23] 28 U.S.C. § 1447(c).
[24] *Scott v. Pena*, No. 2:15-CV-00774-RJS, 2016 WL 457497, at *2 (D. Utah Jan. 15, 2016), report and recommendation adopted, No. 2:15-CV-00774-RJS, 2016 WL 429788 (D. Utah Feb. 3, 2016).
[25] *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*

4914-4156-2303.v1

Here, like in *Scott*, Brett lacked any objectively reasonable basis for removal, and he knows it. Just eight months ago, in *McCullough v. Eliason*, Case No. 2:25-cv-01029-RJS, Brett filed a Notice of Removal attempting to remove three state court actions to this Court.[30] (*See* Exhibit "A"). The asserted grounds for subject matter jurisdiction were identical to the grounds raised in this case.[31] This Court (R. Shelby), *sua sponte*, remanded that case to state court, finding no subject matter jurisdiction.[32] As part of the Court's Order, the Court expressly stated:

> Defendants' Counterclaims in the Eliason and McCullough cases assert constitutional violations, but § 1441 does not permit removal by any counterclaim defendant, including parties brought into the lawsuit for the first time, by the counterclaim. "Federal jurisdiction depends on the allegations of the complaint rather than on issues that come in later." Here, none of the plaintiffs assert any federal claims. Accordingly, this court lacks subject matter jurisdiction.[33]

It is objectively unreasonable for Brett to assert that this Court has jurisdiction on the very same grounds that have so recently been adjudicated against him.

In light of Brett's extensive history as a vexatious litigant, the Notice of Removal appears to continue his prior pattern of litigation abuse. Thus, like in *Scott*, Brett Eliason's "actions indicate his motivation stems, at least in part, from the desire to prolong litigation and impose costs on people whom he dislikes or believes have harmed him."[34]

Therefore, the Court should award reasonable expenses and attorneys' fees incurred as a result of this removal, including for filing the instant Motion and all other filings before this Court.

---

[30] Notice of Removal, Case No. 2:25-cv-01029-RJS, Dkt. 1, attached as Exhibit "A".
[31] Compare *Id*. to Dkt. No. 1, at 2.
[32] Order, Case No. 2:25-cv-01029-RJS, Dkt. 30, attached as Exhibit "B".
[33] *Id*. at 4.
[34] *Scott*, 2016 WL 457497, at *2.

7

## CONCLUSION

For all the foregoing reasons, the Court should remand this case to state court and award the Company its reasonable costs and attorney's fees incurred as a result of Brett's improper removal.

DATED this 10th day of July, 2026.

Respectfully submitted,

**KIRTON | McCONKIE**

By: */s/ Christopher S. Hill*
Christopher S. Hill
Gregory S. Moesinger
*Attorneys for Plaintiff Eliason Eight, LLC*

4914-4156-2303.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of July, 2026, a true and correct copy of the

foregoing **MOTION TO REMAND** was served on the following by the method indicated below:

| | |
|---|---|
| Brett L. Eliason | (X) U.S. Mail, Postage Prepaid |
| 634 RIDGE TOP LANE | (  ) Hand Delivered |
| NORTH SALT LAKE, UT 84054 | (X) Email |
| (801) 949-0080 | (  ) Facsimile |
| Email: brett.eliason1@gmail.com | (  ) ECF |
| PRO SE | |

*/s/ Teena Sanders*

9

4914-4156-2303.v1