# EXHIBIT B
# Case No. 2-25-cv-0129
# Order

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MCCULLOUGH, et al,<br><br>      Plaintiffs,<br><br>v.<br><br>ELIASON, et al,<br><br>      Defendants. | **ORDER**<br><br>Case No. 2:25-CV-01029-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This matter comes before the court on Defendants' Motion for Emergency Injunctive Relief,[1] Motion to Change Venue,[2] Motion to Compel Mediation,[3] and Motion to Recuse Chief Judge Robert J. Shelby.[4]  Because the court concludes it lacks subject matter jurisdiction, it remands this matter to the Utah state court of the Third Judicial District, Salt Lake County.

## BACKGROUND AND PROCEDURAL HISTORY

On November 10, 2025, Defendants filed a Notice of Removal from the Third Judicial District Court, State of Utah.[5]  The Notice purports to remove three Utah state cases to this court:

---

[1] Dkt. 21, *Plaintiff's Motion for Emergency Injunctive Relief and for Order Demanding Immediate Mediation/ADR* (*Motion for Preliminary Injunction*).

[2] Dkt. 26, *Plaintiffs' Motion to Transfer Venue Due to Structural Judicial Conflict and Constitutional Impossibly of Impartial Adjudication* (*Motion to Transfer Venue*).

[3] Dkt. 28, *Plaintiffs' Motion to Compel Mediation and Request for Court-Ordered Settlement Conference* (*Motion to Compel Mediation*).

[4] Dkt. 29, *Plaintiffs' Emergency Motion to Recuse Chief Judge Robert J. Shelby Due to Prior Involvement, Structural Conflict, and Constitutional Impossibility of Impartial Adjudication* (*Motion to Recuse*).

[5] Dkt. 1, *Notice of Removal* (*Notice*).

Case Number 25-3901412 (Probate case), Case Number 25-0908740 (Eliason case), and Case Number 25-0908727 (McCullough case).[6]

On May 29, 2025, Mark Dean Eliason and Lisa Eliason Stephens, siblings of Brett L. Eliason, filed the Probate case for appointment as personal representatives of their father's estate.[7]  Brett Eliason subsequently objected to the appointment, and a snarl of litigation ensued.[8] On October 30, 2025, Mark and Lisa initiated the Eliason case asserting four state claims against Brett: defamation, false light, harassment and electronic communications harassment under Utah Code § 76-12-202, and infliction of emotional distress.[9]  The same day, attorneys who worked on the Eliason family planning documents filed the McCullough case against Brett, also asserting state claims—defamation, false light, and intentional infliction of emotional distress.[10]

On November 10, 2025, Brett filed answers and asserted counterclaims in the Eliason and McCullough cases.[11]  Relevant here, Brett asserted a claim against the Eliason case plaintiffs for "unlawful seizure and violation of constitutional property rights" under Utah law and the Fifth and Fourteenth Amendments to the United States Constitution,[12] and federal claims against the McCullough case plaintiffs for violations of constitutional rights under 42 U.S.C. § 1983.[13]

---

[6] *Id.* at 1–2.

[7] *Case No. 253901412 Documents* at 2–4 .

[8] *See id.* At 5–16.  For clarity, the court hereinafter refers to the Eliasons individually by their first names and means no disrespect.

[9] *Case No. 250908740 Documents* at 2–25.  Bryan Stephens, the spouse of Lisa, and Jason Stephens, also a member of Lisa's family, are also plaintiffs in Case no. 250908740.

[10] *Case No. 250908727 Documents* at 2–28.

[11] *See* Dkt. 1-5, *Case No. 250908727 Answer, Affirmative Defenses, Counter-Claim, and Third-Party Complaint* (*Eliason Counterclaim*); Dkt. 1-6, *Case No.  250908740 Answer, Affirmative Defenses, Counter-Claim, and Third-Party Complaint* (*McCullough Counterclaim*).

[12] *Eliason Counterclaim* at 45–46.

[13] *McCullough Counterclaim* at 28.

After filing the Counterclaims, Brett filed his Notice to remove all three cases to this court.[14] The court concludes the Notice is procedurally defective and the court lacks subject matter jurisdiction to adjudicate the claims.

## ANALYSIS

First, the removal is procedurally improper.  No federal statute or rule of civil procedure allows for removing multiple civil actions into one federal case.[15]  There are mechanisms for consolidating actions or joining parties, but these processes are governed by the Federal Rules of Civil Procedure[16] to safeguard the persons and entities affected, preserve the integrity of the judicial process, and ensure "a fair and prompt resolution of disputes."[17]  Defendants' Notice attempts to remove the probate, Eliason, and McCullough actions to this court absent any consolidation or joinder process.

In addition to being procedurally improper, this court lacks subject matter jurisdiction. The Notice asserts jurisdiction under 28 U.S.C. §§ 1331, 1441, and 1446.[18]  However, the court has "an independent obligation to determine whether subject-matter jurisdiction exists . . . ."[19]

Removal from state court is governed by 28 U.S.C. § 1441.  Section 1441 permits a defendant to remove a "civil action brought in a State court of which the district courts of the

---

[14] *See Notice*.

[15] *See* 28 U.S.C. § 1446 (outlining the process for removing a state civil action to federal court).

[16] *See* Fed. R. Civ. P. 42 (governing consolidation); *id.* 19–21 (governing joinder of parties).

[17] *Republic of Philippines v. Pimentel*, 553 U.S. 851, 863 (2008).

[18] *Notice* at 1.

[19] *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 501 (2006)).  "[A] court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'"  *Id.*  (quoting *Arbaugh*, 546 U.S. at 501).  And because federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction.  *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).  The party invoking federal jurisdiction—here, Plaintiffs—has the burden of establishing subject matter jurisdiction.  *Id.*

United States have original jurisdiction."[20]  Federal courts have original subject matter

jurisdiction for "all civil actions arising under the Constitution, laws, or treaties of the United

States."[21]  Probate actions are initiated by petition or application and do not contain

complaints.[22]  The complaints in the Eliason and McCullough cases assert only state law

claims.[23]

Defendants' Counterclaims in the Eliason and McCullough cases assert constitutional

violations, but § 1441 does not permit removal by any counterclaim defendant, including parties

brought into the lawsuit for the first time, by the counterclaim.[24]  "Federal jurisdiction depends

on the allegations of the complaint rather than on issues that come in later."[25]  Here, none of the

plaintiffs assert any federal claims.[26]  Accordingly, this court lacks subject matter jurisdiction.

## I.    CONCLUSION

It is therefore ORDERED, pursuant to 28 U.S.C. § 1447,[27] all three cases are remanded

to the Utah state court of the Third Judicial District.  The Motion for Preliminary Injunction,[28]

---

[20] 28 U.S.C. § 1441(a).

[21] 28 U.S.C. § 1331 (federal question jurisdiction).

[22] *See* Utah Code § 75-3-401 ("A formal testacy proceeding may be commenced by an interested person filing a petition . . . ."); *id.* § 75-3-301 (stating the proceedings for informal probate by application).

[23] *Case No. 250908740 Documents* (asserting claims for defamation, false light, harassment and electronic communications harassment under Utah Code § 76-12-202, and infliction of emotional distress) *Case No. 250908727 Documents* (asserting claims for defamation, false light, and intentional infliction of emotional distress).

[24] *Home Depot U.S.C., Inc. v. Jackson*, 587 U.S. 435, 441 (2019);

[25] *Thomas v. Shelton*, 740 F.2d 478, 482 (7th Cir. 1984); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) ("For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." (emphasis in original)).

[26] *See Case No. 253901412 Documents*; *Case No. 250908740 Documents*; *Case No. 250908727 Documents.*

[27] 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

[28] Dkt. 21.

Motion to Transfer Venue,[29] Motion to Compel Mediation,[30] and Motion to Recuse[31] are

DENIED as moot.

So Ordered this 8th day of December 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge

---

[29] Dkt. 26.

[30] Dkt. 28.

[31] Dkt. 29.  The court recognizes Plaintiffs are requesting to recuse the undersigned.  However, this Order is jurisdictional and the court does not reach the merits of Plaintiffs' claims.  *See United States v. Bray*, 546 F.2d 851, 857 (10th Cir. 1976) ("A trial judge has as much obligation not to recuse himself when there is no reason to do so as he does to recuse himself when the converse is true.").

5