IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ELIASON EIGHT LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BRETT L. ELIASON, an individual,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO REMAND**<br><br>Case No. 2:26-cv-00677-JNP-CMR<br><br>Chief District Judge Jill N. Parrish |

On July 20, 2026, Defendant Brett L. Eliason removed this case from the Third Judicial District Court to this court. *See* ECF No. 1. That same day, Plaintiff Eliason Eight moved to remand the action to state court. *See* ECF No. 6. Defendant did not file a response to Plaintiff's motion. For the following reasons, the court GRANTS Plaintiff's motion to remand.

**DISCUSSION**

The background facts of this case deal with a dispute revolving around the Eliason family trust. *See* ECF No. 1 at 2. The details relevant to this motion to remand, however, are much more limited. Defendant justified removal of this case to federal court based solely on a theory that his counter-complaint raises substantial federal questions. *Id.* Plaintiff argues in response that counterclaims cannot form the basis of subject matter jurisdiction for removal. ECF No. 6 at 3. Plaintiff argues that removal was thus not proper and that the court should remand the case back to state court.

Plaintiff is correct. Section 1441, which governs removal from state court, permits a defendant to remove a "civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. As the Supreme Court has made clear, "Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019).

Defendant does not assert in his notice of removal that the removal was based on anything other than his counterclaims. Indeed, Defendant could not argue that removal was based on the claims in Plaintiff's complaint because those were exclusively state law claims. There also does not appear to be complete diversity between the parties. ECF No. 1-1. The court thus finds that remand is appropriate.

Plaintiff also asks the court to award attorneys' fees. Under § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). A party's pro se status does not prevent the imposition of fees. *Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

The court finds that Defendant lacked an objectively reasonable basis for removal. *See FEDCorp, Inc. v. Salamone*, No. 1:20-CV-426-TFM-MU, 2021 WL 3084914, at *2 (S.D. Ala. July 21, 2021) (holding the same for a removal based only on a counterclaim). Considering the fact that Defendant has made this same argument to other judges in this district before, unsurprisingly to no avail, the court finds that his attempt at removal here could only be "for the

purpose of prolonging litigation and imposing costs on the opposing party." *Martin*, 546 U.S. at 140; *see McCullough v. Eliason*, Case No. 2:25-CV-01029-RJS. The court thus awards attorneys' fees and costs to Plaintiff.

## CONCLUSION AND ORDER

The court HEREBY ORDERS the motion to remand is **GRANTED**. ECF No. 6. The case is remanded immediately. The court also finds that any remaining pending motions are moot. *See* ECF Nos. 7, 8, 9. Finally, retaining jurisdiction to consider the issue of attorneys' fees, the court ORDERS that Plaintiff may file a motion for reasonable attorneys' fees and costs, including a fee affidavit.

Signed August 17, 2026.

BY THE COURT

Jill N. Parrish
United States Chief District Judge